FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAY 29 PM 4: 54

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DOROTHY NELSON, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 95-B-2868-S |
| CENTER MANAGEMENT, INC., and JACKIE CLAY, Housekeeping Supervisor, | } } } | |
| Defendants. | } | |

ENTERED

MAY 29 1997

## MEMORANDUM OPINION

This matter is before the court on the unopposed motion for summary judgment of defendants. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

In this suit, plaintiff alleges that during the time in which she was employed at defendant Center Management, Inc., she was subjected to sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended. In addition, plaintiff contends that the actions of defendants constituted outrageous conduct, assault and battery, and invasion of privacy in violation of Alabama law.

On December 31, 1996, defendants filed the motion for summary judgment presently before the court. On April 7, 1997, and because the plaintiff is proceeding *pro se*, the court directed the Clerk of Court to send plaintiff by certified mail the express ten-day notice of the summary judgment rules, her right to file affidavits or other materials in opposition to

summary judgment, and the consequences of default.[1] *See McBride v. Sharpe*, 981 F.2d 1234, 1236 (11th Cir. 1993). The information mailed to plaintiff was returned to the Clerk of the Circuit Court for the Northern District of Alabama, marked "Returned to Sender."

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

---

[1] On July 15, 1996, the court granted the motion of plaintiff's former attorneys, to withdraw as counsel for plaintiff.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendants. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for defendants. Consequently, the court holds that the motion of defendants for summary judgment is due to be granted.

**DONE** this 29th day of May, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge